UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PURPLE INNOVATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BEDMATE-U CO., LTD., et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY REGARDING IDENTITY OF DEFENDANTS (DOC. NO. 57)**<br><br>Case No. 2:22-cv-00620<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Purple Innovation, LLC moves for expedited discovery in advance of a Rule 26(f) scheduling conference in order to identify contact information for defendants in this case.[1] Purple brought this action against numerous individuals and entities, asserting claims of infringement of trade dress, trademarks, and patents, and unfair competition.[2] Purple alleges the defendants make, advertise, sell, and/or import "knock-off" pillow and seat cushion products through online retail platforms such as Amazon.com and Alibaba.com.[3] Purple now seeks leave to serve subpoenas on Amazon.com, Alibaba.com, and AliExpress.com to obtain the defendants' physical addresses, telephone numbers, and email addresses.[4]

---

[1] (Ex Parte Mot. for Leave to Conduct Limited Disc. Regarding Identity of Defs. ("Mot."), Doc. No. 57.)

[2] (*See generally* Compl., Doc. No. 4.)

[3] (*See id.* ¶¶ 1, 64, 69, 72.)

[4] (*See* Mot. 1–2, Doc. No. 57.)

1

Rule 26 of the Federal Rules of Civil Procedure provides "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."[5] "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."[6] "Good cause may be satisfied in cases involving claims of unfair competition and infringement."[7]

Purple has shown good cause to permit expedited discovery from online retail platforms regarding the defendants' contact information, based on Purple's claims that the defendants are using online retail platforms to sell counterfeit, infringing products. Purple represents it has been unable to obtain sufficient contact information through its own research, and that Amazon.com declined to provide contact information without a subpoena.[8] Under these circumstances, Purple has demonstrated this discovery is necessary to identify contact information for the defendants in order to serve them.

---

[5] Fed. R. Civ. P. 26(d)(1).

[6] *Vient v. Ancestry*, No. 2:19-cv-00051, 2019 U.S. Dist. LEXIS 237828, at *2 (D. Utah Mar. 4, 2019) (unpublished) (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)).

[7] *Crazy ATV, Inc. v. Probst*, No. 1:13-cv-00114, 2014 U.S. Dist. LEXIS 6414, at *4–5 (D. Utah Jan. 16, 2014) (unpublished) (internal quotation marks omitted).

[8] (Mot. 2, 4, 6, Doc. No. 57.)

Purple's motion for limited discovery[9] is GRANTED. Purple may serve the subpoenas attached to the motion[10] on Amazon.com, Alibaba.com, and AliExpress.com.

DATED this 21st day of October, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[9] (Doc. No. 57.)

[10] (Doc. Nos. 57-1, 57-2, 57-3.)