KEITH A. CALL (6708)
CLARK S. GARDNER (17997)
**SNOW CHRISTENSEN & MARTINEAU**
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
Telephone: (801) 521-9000
kcall@scmlaw.com
cg@scmlaw.com
*Attorneys for Defendants Bedmate-U Co, Ltd.,*
*Ningbo Bolian Import & Export Co., Ltd.,*
*Ningbo Minzhou Import & Export Co., Ltd., Shandong Jiu Hui*
*Xinxi Keji Youxian Gongsi Co., Ltd., Hetaibao, Lei Lei Wang,*
*and Henson Holdings, LLC d/b/a SelectSoma*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PURPLE INNOVATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BEDMATE-U CO., LTD.; et.al.,<br><br>Defendants. | **CERTAIN DEFENDANTS' MOTION TO STAY ACTION UNDER 28 U.S.C. § 1659 PENDING ITC DETERMINATION**<br><br>Civil No. 2:22-cv-00620-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

## **SPECIFIC RELIEF SOUGHT AND GROUNDS**

Defendants Bedmate-U Co., Ltd. ("Bedmate-U"), Ningbo Bolian Import & Export Co., Ltd. ("Ningbo Bolian"), Ningbo Minzhou Import & Export Co., Ltd. ("Ningbo Minzhou"), Shandong Jiu Hui Xinxi Keji Youxian Gongsi Co., Ltd. ("Shandong Jiu Hui), Hetaibao, Lei Lei Wang, and Henson Holdings, LLC ("Henson") (collectively "Defendants") appear specifically to move this Court pursuant to 28 U.S.C. § 1659 to stay all proceedings in the above-captioned case until the determination of the United States International Trade Commission ("ITC") in the parallel

Investigation No. 337-TA-1328 becomes final, including any appeals. In the alternative, Defendants respectfully move this Court to stay all proceedings as to them in the above-captioned case until the ITC's determination in Investigation No. 337-TA-1328 becomes final, including any appeals.

## RELEVANT FACTS

On August 5, 2022, Purple filed a complaint with the ITC under Section 337 of the Tariff Act of 1930, as amended, against Defendants and several other respondents, requesting that the ITC institute an investigation based on alleged patent, trademark, and trade dress infringement. (*See* Ex. A, ITC Complaint, Public Version). Purple supplemented its ITC complaint on August 9 and 22, 2022.

Purple's ITC complaint, as supplemented, alleges that Bedmate-U infringes U.S. Patent No. 10,863,837 ("the '837 patent") and Purple's purported trade dress. (*See id.* at ¶¶190-193). Purple's ITC complaint alleges that Ningbo Bolian infringes U.S. Patent Nos. D909,092 ("the D092 patent"), 10,772,445 ("the '445 patent"), and the '837 patent; U.S. Trademark Nos. 5,661,556 ("the '556 mark") and 6,551,053 ("the '053 mark"); and Purple's purported trade dress. (*See id.* at ¶¶ 194-203). Purple's ITC complaint alleges that Ningbo Minzhou infringes the D092 and '445 patents, the '556 and '053 marks, and Purple's purported trade dress. (*See id.* at ¶¶ 214-220). Purple's ITC complaint alleges that Shandong Jui Hui infringes the '053 mark and Purple's purported trade dress. (*See id.* at ¶¶ 278-281). Purple's ITC complaint alleges that Hetaibao and Lei Lei Wang infringe Purple's purported trade dress. (*See id.* at ¶¶ 244-246, 307-309). Purple's ITC complaint alleges that Henson infringes the '053 mark and Purple's purported trade dress. (*See id.* at ¶¶ 310-313). On September 7, 2022, the ITC instituted an investigation based on

Purple's complaint, naming Defendants as respondents to the proceeding. (*See* Ex. B, Notice of Institution of Inv. No. 337-TA-1328).

Subsequently, on September 22, 2022, Purple filed the complaint in this action against Defendants and several other parties alleging infringement of the same asserted intellectual property rights as in the ITC investigation. (Dkt. No. 4).

## ARGUMENT

I. **A STAY IS MANDATORY UNDER 28 U.S.C. § 1659(a).**

Pursuant to 28 U.S.C. § 1659(a), District Court actions that involve the same parties and involve the same issues as a parallel ITC investigation are subject to a mandatory stay until the ITC's determination becomes final. Specifically, the statute provides:

> (a)   Stay. In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within –
>
> (1)   30 days after the party is named as a respondent in the proceeding before the Commission, or
>
> (2)   30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a). A stay issued under this statute must remain in effect during any appeal(s) and must continue "until the Commission proceedings are no longer subject to judicial review." *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

Defendants are both defendants in this action and respondents in ITC investigation No. 337-TA-1328. The claims asserted in this action involve the exact same issues as the claims in the ITC investigation. Indeed, in both, Purple asserts the same patents, trademarks, and trade dress

3

and alleges each of Defendants infringe the same purported intellectual property rights. (*See* Dkt. No. 4 ¶¶ 74-130; Ex. A ¶¶ 190-203, 214-220, 244-246, 278-281, 307-313). This motion is timely under 28 U.S.C. § 1659(a)(2) because it was filed within 30 days after Purple filed this action against Defendants. A stay is, therefore, mandatory under § 1659(a).

Defendants appear solely to make this motion because Purple has not yet served process on any of the Defendants. Purple's failure to serve Defendants does not impact Defendants' right to a stay under 28 U.S.C. § 1659(a). *Polymer Tech. Sys., Inc. v. ACON Labs., Inc.,* No. 18-CV-00805-H-JLB, 2018 WL 3388123, at *2 (S.D. Cal. July 11, 2018) (staying district court case pending ITC investigation despite request to defer stay pending resolution of service dispute: "[U]nder section 1659(a), the Court is required to stay all the claims in the action as to both defendants, and the Court does not have discretion to delay its entry of a stay to allow the parties to resolve their dispute regarding service as to [one of the two defendants]").

## II. DEFENDANTS' MOTION DOES NOT WAIVE ANY OBJECTIONS AND DEFENSES.

Defendants' appearance for the purpose of filing a motion to stay does not waive any of their objections and defenses to Purple's complaint including, but not limited to, any defenses based on lack of jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process. *See, e.g., Shrader v. Beann,* 503 F. App'x. 650, 654 (10th Cir. 2012) (finding the defendants "did not waive their [Rule 12(b)] defenses by failing to include them in their motion for stay of proceedings"); *Mann v. Castiel,* 681 F.3d 368, 374 (D.C. Cir. 2012) (holding that a motion to stay does not waive an objection to the sufficiency of service of process); *Lane v. XYZ Venture Partners, L.L.C.,* 322 F. App'x 675, 678 (11th Cir. 2009) (holding that defendants "did

not waive their defense of lack of personal jurisdiction by moving to stay the proceedings"). Thus, Defendants expressly reserve all of their objections and defenses to Purple's complaint.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court entered the attached proposed order staying all proceedings in this action until the ITC's determination in investigation No. 337-TA-1328 becomes final, including any appeals and until the ITC's proceedings are no longer subject to judicial review. In the alternative, Defendants request that the Court enter a stay of all proceedings as to them until the ITC's determination becomes final, including any appeals and until the ITC's proceedings are no longer subject to judicial review.

DATED this 21st day of October, 2022.

**SNOW, CHRISTENSEN & MARTINEAU**

/s/ Keith A. Call
Keith A. Call
Clark S. Gardner
*Attorneys for Defendants Bedmate-U Co., Ltd., Ningbo Bolian Import & Export Co., Ltd., Ningbo Minzhou Import & Export Co., Ltd., Shandong Jiu Hui Xinxi Keji Youxian Gongsi Co., Ltd., Hetaibao, Lei Lei Wang, and Henson Holdings, LLC d/b/a SelectSoma*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of October, 2022, I caused a true and correct copy of the foregoing **CERTAIN DEFENDANTS' MOTION TO STAY ACTION UNDER 28 U.S.C. § 1659 PENDING ITC DETERMINATION** to be filed with the Clerk of the Court using the CM/ECF System, which will send notification to the following:

> Stephen M. Sansom
> **HOLLAND & HART LLP**
> 222 S. Main Street, Ste. 2200
> Salt Lake City, UT  84101
> smsansom@hollandhart.com
> *Attorneys for Plaintiff Purple Innovation, LLC*
>
> Teague I. Donahey (pro hac vice)
> Christopher C. McCurdy (pro hac vice)
> Zachery J. McCraney (pro hac vice)
> **HOLLAND & HART LLP**
> 800 West Main Street, Ste. 1750
> Boise, ID 83702
> tidonahey@hollandhart.com
> ccmccurdy@hollandhart.com
> zjmccraney@hollandhart.com
> *Attorneys for Plaintiff Purple Innovation, LLC*
>
> Timothy Getzoff (pro hac vice)
> **HOLLAND & HART LLP**
> 1800 Broadway, Ste. 300
> Boulder, CO 80302
> tgetzoff@hollandhart.com
> *Attorneys for Plaintiff Purple Innovation, LLC*

                 */s/ Stephanie Chavez*

4890-2069-1002, v. 2