Stephen M. Sansom (#10678)
Leslie M. Perkins (#18504)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
*smsansom@hollandhart.com*
*lmperkins@hollandhart.com*

Teague I. Donahey (*pro hac vice*)
Christopher C. McCurdy (*pro hac vice*)
Zachery J. McCraney (*pro hac vice*)
HOLLAND & HART LLP
800 West Main Street, Suite 1750
Boise, Idaho 83702
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
*tidonahey@hollandhart.com*
*ccmccurdy@hollandhart.com*
*zjmccraney@hollandhart.com*
*Attorneys for Plaintiff*

*PURPLE INNOVATION, LLC*

Timothy Getzoff (*pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, Colorado 80302
Telephone: (303) 473-2700
Facsimile: (303) 473-2720
*tgetzoff@hollandhart.com*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PURPLE INNOVATION, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BEDMATE-U CO., LTD.; et al., <br><br> Defendants. | **PURPLE INNOVATION, LLC'S OPPOSITION TO MOTION TO STAY DISTRICT COURT PROCEEDINGS PURSUANT TO FED. R. CIV. P. 4(f)(3)** <br><br> Civil No. 2:22-cv-00620-HCN-DAO <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Purple Innovation, LLC ("Purple") hereby submits its Opposition to Defendants Bedmate-U Co., Ltd. ("Bedmate-U"), Ningbo Bolian Import & Export Co., Ltd. ("Ningbo Bolian"), Ningbo Minzhou Import & Export Co., Ltd. ("Ningbo Minzhou"), Shandong Jiu Hui Xinxi Keji Youxian Gongsi Co., Ltd. ("Shandong Jiu Hui), Hetaibao, Lei Wang, and Henson Holdings, LLC's ("Henson") (collectively the "Moving Defendants") Motion to Stay Under 28 U.S.C. § 1659 Pending ITC Determination. [ECF No. 67] ("Motion to Stay" or "Motion").

## I.     INTRODUCTION

Moving Defendants' Motion to Stay should be denied, in part. In some circumstances, parties in a district court action that are also respondents in a United States International Trade Commission ("ITC") Section 337 investigation have a right under 28 U.S.C. § 1659 to a stay of certain district court "proceedings"— but only with respect to a "claim" against the requesting party "that involves the same issues involved in the proceedings before the Commission." Accordingly, Purple does not oppose the **Moving Defendants'** exercise of their statutory right to a stay of these proceedings with respect to the patent, trade dress, and trademark claims brought against the **Moving Defendants**.

The Moving Defendants, however, are only a small subset of the defendants involved in this action. To the extent that the Motion to Stay purports to encompass Purple's claims against the many **non-moving defendants** (collectively "Non-Moving Defendants"), Purple opposes the Motion. The Moving Defendants have no standing to act on behalf of the Non-Moving Defendants. Had the Non-Moving Defendants sought a stay of the claims Purple has asserted against them in this action, they could and should have asked for one. They have not done so, and the time for the Non-Moving Defendants to seek a stay under § 1659 has expired.

Moreover, purely procedural matters that are at issue in the district court case, such as third-party subpoenas that have been served pursuant to this Court's order, *see* [ECF No. 66], and service of process on at least the Non-Moving Defendants, *see* [ECF No. 64], are not at issue in the ITC. At a minimum, these district court-specific procedural matters can and should be permitted to proceed here, notwithstanding § 1659.

## II.     FACTUAL BACKGROUND

Purple filed this suit against the Defendants, who are online retailers of infringing pillow and seat cushion products, on September 22, 2022. *See* ECF No. 1. In the co-pending ITC action, Purple has had a very challenging time effecting service of process on the Non-Moving Defendants, which, with one exception, are entities located in the People's Republic of China. *See* ECF No. 64 (Plaintiff's Ex Parte Motion for Leave to Effect Service of Process by Alternative Means). Many of the Non-Moving Defendants have either been unreachable as they provide false contact information on their storefront website pages, or they have simply refused to accept delivery of the relevant documents at their location in China. Purple has accrued substantial costs and has spent a significant amount of time attempting to locate contact information and serve the Non-Moving Defendants. As a result, many of the Defendants have escaped having to appear in the ITC matter, and Purple fears it will encounter the same struggles here.

Consequently, on October 7, 2022, Purple filed its Ex Parte Motion for Leave to Conduct Limited Discovery Regarding the Identity of the Defendants. *See* ECF No. 57. In its Motion for Leave to Conduct Limited Discovery, Purple requested that the Court allow it to take limited early discovery regarding the complete address, telephone numbers, and email addresses of the Defendants. *Id*. The Court granted the Motion to Conduct Limited Discovery on October 21,

2022, allowing Purple to move forward with serving Amazon.com, Alibaba.com, and AliExpress.com.  *See* ECF No. 66.

As a result, Purple promptly issued subpoenas to Amazon.com, Alibaba.com, and AliExpress.com for the Defendants' contact information. Purple has successfully served Amazon.com and Alibaba.com and is in the process of serving AliExpress.com.  *See* ECF Nos. 69–70 (Amazon.com and Alibaba.com Returns of Service).  Purple is currently negotiating the production of responsive information with Amazon.com.  The time for Alibaba.com to respond to its subpoena has not yet lapsed.  Thus, Purple is still awaiting information from Amazon.com, Alibaba.com, and AliExpress.com regarding each of the Defendants' physical address, email address, and phone numbers.

To ensure that Purple is able to effect proper service of process on all of the Defendants, Purple then filed its Ex Parte Motion for Leave to Effect Service of Process by Alternative Means on October 20, 2022, requesting that the Court allow Purple to serve the Defendants using the e-mail addresses Purple hopes to receive from the online retailer websites that were previously subpoenaed and through electronic messaging systems available on the online retailer websites (*i.e.*, Amazon.com, Alibaba.com, and AliExpress.com).  *See* ECF No. 64.  The Court has not yet ruled on the Motion to Effect Service of Process by Alternative Means.  If and when the Court grants this motion, Purple intends to promptly use the contact information that is soon-to-be acquired from the third-party subpoenas and the processes available to it through the online retail websites' messaging centers to serve process on the Defendants in the district court case.

III.    **ARGUMENT**

A.    **The Stay Requested by the Moving Defendants Exceeds the Scope of the Stay Contemplated by 28 U.S.C. § 1659.**

1.    **The Moving Defendants Have No Standing to Request a Stay on Behalf of the Non-Moving Defendants.**

28 U.S.C. § 1659 provides:

> (a) Stay. In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930 [19 USCS § 1337], **at the request of a party** to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, **proceedings** in the civil action with respect to any **claim** that involves the same issues involved in the proceeding before the Commission, **but only if such request is made** within—
>
> (1)   30 days after the party is named as a respondent in the proceeding before the Commission, or
> (2)   30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659 (emphases added).  Thus, on its face, § 1659 does not contemplate stays of an entire district court action.   Rather,   § 1659   requires only stays of certain district court "proceedings" with respect to a "claim."  Here, Purple has asserted claims against **both** the Moving Defendants **and** the Non-Moving Defendants.

Moreover, § 1659 specifies that a party **must request** the stay in order for any stay to be available to that party.  Here, however, the Non-Moving Defendants did not make any stay request within the statutorily-mandated time period, and—with respect to the claims that Purple has asserted against the Non-Moving Defendants—a stay under is therefore unavailable to the Non-Moving Defendants under § 1659.  Because the Non-Moving Defendants have not made a request

to stay the claims brought against **them**, there are simply no grounds to stay the proceedings with respect to the Non-Moving Defendants.

2. **28 U.S.C. § 1659 Only Permits Stays with Respect to the Merits of Claims at Issue in the ITC Proceeding, Not Procedural Issues.**

The Moving Defendants' request for a stay is also inappropriate because they seek a stay of the entire action, including district court-specific procedural issues, not just a stay of the proceedings that overlap with the issues involved in the ITC proceedings. Section 1659 provides that the district court shall stay "**proceedings** in the civil action with respect to any **claim** that involves the **same issues involved in the proceeding before the Commission**." 28 U.S.C. § 1659 (emphasis added). Purple has served third-party subpoenas seeking basic identity and address information on Amazon, Alibaba, and AliExpress. These essentially procedural steps are separate from the merits of the patent, trademark, and trade dress claims asserted in the ITC, and Purple should be permitted to complete this subpoena process. Similarly, Purple's pending Motion for Leave to Effect Service of Process by Alternative Means Pursuant to Fed. R. Civ. P. 4(f)(3) does not directly implicate the merits of "a claim that involves the same issues involved" in the ITC proceedings, and a court may therefore resolve such a motion while a stay is in place. *See Microsoft Corp. v. Tivo Inc*., No. C11-00134-RSM, 2011 U.S. Dist. LEXIS 53774 (W.D. Wash. May 19, 2011) (holding "[i]t would make little sense for the stay to encompass proceedings related to procedural matters that are not before the ITC."). Specifically, the Motion for Leave to Effect Service in the district court case involves service of process in only the district court case, not the ITC proceedings. As such, the statute does not apply to the adjudication of that motion, and Moving Defendants' proposed stay improperly encompasses such procedural matters.

The legislative history of 28 U.S.C. § 1659 confirms that procedural matters may proceed here.  The legislative history of the statute reflects that Congress only intended for the stay to affect merit issues that involve "questions of patent validity, infringement, and any defenses that might be raised in both proceedings." *Microsoft*, 2011 U.S. Dist. LEXIS 53774, at 5–6; see also H.R. Rep. No. 103-316, at 705, reprinted in 1994 U.S.C.C.A.N. 4040, 4076.  The Motion for Leave to Effect Service does not involve questions of patent validity, infringement or any defenses that might be raised in both proceedings.  Accordingly, any stay granted by the Court in this action should be limited only to those merit issues that involve questions related to claims against the Moving Defendants regarding the same issues in the ITC proceedings, not procedural matters such as the third-party subpoenas and the Motion for Leave to Effect Service of Process by Alternative Means.

## B.  The Moving Defendants Have Not Identified Any Other Source of Authority for the Requested Stay.

The Moving Defendants' Motion to Stay is premised solely on 28 U.S.C. § 1659.  Again, because § 1659 does not provide for a stay of (a) procedural issues; and (b) claims asserted against parties that do not request a stay, the inquiry is at an end and those aspects of this action should be permitted to proceed.

Even if the Court were to consider other grounds for a stay, however, such as the Court's inherent powers to manage its docket, a stay would be inappropriate.  *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  For example, in determining whether to grant a stay under their discretionary powers, courts generally consider three factors:  "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy."  *Energetiq Tech., Inc. v. ASML Netherlands B.V.,* No. 15-cv-10240-DJC, 2016 U.S.

Dist. LEXIS 203161, at *3 (D. Mass. Apr. 1, 2016) (internal citations omitted).  Additionally, the burden is on the Moving Defendants to prove that a stay is necessary.  *Landis*, 299 U.S. at 257 (holding that "if there is even a fair possibility that the stay for which [the movant] prays will work to damage someone else," then the movant—the Moving Defendants here—"must make out a clear case of hardship or inequity in being required to go forward").

### 1.  A Stay of the Entire Action Would Harm Purple.

Here, Purple would suffer undue prejudice if the Court were to grant a stay of the entire action, including the claims brought against the Non-Moving Defendants. As discussed above, Purple has expended considerable resources and time towards locating the Non-Moving Defendants' contact information, including by filing with this Court motions requesting that Purple be permitted to subpoena parties with access to the Non-Moving Defendants' information and for leave to serve the Defendants electronically to promote efficiency and ensure the Non-Moving Defendants receive proper notice of the case.

Purple has already served two of the subpoenas on the third parties and is currently serving the third to obtain the Non-Moving Defendants' contact information.  A stay at this juncture would mean that Purple would have to reinitiate service of these subpoenas and begin the process over again in trying to locate contact information for the Non-Moving Defendants, possibly years from now.  Purple has already seen that the Non-Moving Defendants' storefronts come and go, and, as time has gone on, more and more storefronts have disappeared or changed.  As a result, Purple is highly concerned that if there is further delay in its ability to obtain the contact information for the Non-Moving Defendants, it will be significantly harder to locate the information.  Additionally, once Purple has obtained contact information for the Non-Moving Defendants in the ITC matter,

forcing Purple to wait to serve the Non-Moving Defendants in the district court litigation could easily mean any helpful information gained regarding addresses in the ITC litigation would go to waste. As such, Purple would suffer significant harm if the stay is granted with respect to the Non-Moving Defendants.

### 2. A More Limited Stay Would Not Harm the Moving Defendants.

Purple agrees that this action may be stayed as to the claims asserted against the Moving Defendants. Given that the claims against the Moving Defendants will be stayed, the Moving Defendants would not be harmed by a denial of the stay with respect to the claims against the Non-Moving Defendants, or a denial of the stay with respect to the procedural matters at issue in the district court case.

Claims against the Non-Moving Defendants and procedural issues involving third-party subpoenas and contact information for the Non-Moving Defendants do not involve or concern the Moving Defendants. As such, even if the Moving Defendants had attempted to show that they would be harmed if this action were to proceed as to the Non-Moving Defendants, they could not have made that showing.

### 3. A Stay Would Not Promote Judicial Economy.

The Moving Defendants have also failed to even argue that a stay of claims would promote judicial economy. And, in fact, such a stay would have the opposite effect. If Purple is able to move forward with obtaining contact information for and serving process on the Non-Moving Defendants—who, again, represent the vast majority of the defendants involved here—the Non-Moving Defendants' claims may be resolved through settlement or default judgment, both of which would promote judicial economy. If Purple is forced to terminate its efforts of effectuating

service of process on the Defendants, it would enable the Non-Moving Defendants to continue infringing Purple's IP rights in the pillow and seat cushion marketplace as long as the ITC matter remains pending, severely harming Purple.   The interests of justice, judicial economy, and efficiency are best served by, at a minimum, denying the Moving Defendants' motion with respect to the Non-Moving Defendants and as to procedural issues.

**IV.   CONCLUSION**

Purple does not oppose the Motion to Stay to the extent that the scope of the stay is limited that contemplated by 28 U.S.C. § 1659.  There is no basis for an indefinite stay of this entire action, however.  Because a stay of the entire action is not required under the plain language of the statute, and because the Moving Defendants have not identified any other authority under which a stay is appropriate, this Court should deny the Motion to Stay with regard to (1) Purple's claims against the Non-Moving Defendants, and (2) procedural matters unrelated to the ITC investigation.

Dated this 4th day of November, 2022.

HOLLAND & HART LLP

*/s/ Leslie M. Perkins*
Teague I. Donahey
Stephen M. Sansom
Leslie M. Perkins

Attorneys for Plaintiff
PURPLE INNOVATION, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2022, I caused a true and correct copy of the foregoing to be filed electronically with the Court via the Court's electronic efiling system, Green Filing, which sent notification of such filing to:

Keith A. Call
Snow, Christensen & Martineau
10 Exchange Place, 11th Floor
P. O. Box 45000
Salt Lake City, Utah  84145-5000

*/s/ Leslie M. Perkins*