UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PURPLE INNOVATION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHUANG FAN HANDICRAFT CO., LTD., et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO EFFECT SERVICE OF PROCESS BY ALTERNATIVE MEANS (DOC. NO. 64)** <br><br> Case No. 2:22-cv-00620 <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Purple Innovation, LLC brought this action against forty-one foreign individuals and entities, asserting claims for unfair competition and infringement of trade dress, trademarks, and patents.[1] Purple alleges the defendants make, advertise, sell, and/or import "knock-off" pillow and seat cushion products through online retail platforms such as Amazon.com and Alibaba.com.[2] On October 20, 2022, Purple moved for leave to effect service of process by electronic means pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.[3] Purple later dropped its claims against ten defendants.[4] Purple then filed supplemental briefing and evidence in support of its motion for alternative service in March and April of 2023.[5]

---

[1] (*See generally* Compl., Doc. No. 4.)

[2] (*See id.* ¶¶ 1, 64, 69, 72.)

[3] ("Mot. for Alternative Service," Doc. No. 64.)

[4] (*See* Notices of Voluntary Dismissal, Doc. Nos. 75–80 (dismissing six defendants); Corrected Am. Compl., Doc. No. 94 (removing claims against four other defendants).)

[5] (*See* Doc. Nos. 88 & 96.)

1

Purple's motion for alternative service is granted in part and denied in part. As explained below, Purple is granted leave to serve the twenty-three defendants who sell products on Amazon via email. Purple is also granted leave to serve four defendants who sell products on Alibaba and AliExpress via seller contact links on those platforms, where Purple has shown those links are active. The motion is denied as to four other defendants, where Purple acknowledges these defendants' seller contact links are either inactive or inaccessible, and it lacks valid email addresses for them. Finally, the motion is denied as moot for the ten dismissed defendants.

## LEGAL STANDARDS

Rule 4(h) of the Federal Rules of Civil Procedure provides that a foreign corporation, partnership, or other unincorporated association may be served outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery."[6] Rule 4(f) governs service of an individual outside the United States and permits service as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice [as enumerated in subsections (A)–(C)]; or
>
> (3) by other means not prohibited by international agreement, as the court orders.[7]

Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking

---

[6] Fed. R. Civ. P. 4(h)(2).

[7] Fed. R. Civ. P. 4(f).

service under Rule 4(f)(3).[8] The relevant inquiry under Rule 4(f)(3) is whether the requested method of service is "prohibited" by international agreement, including the Hague Convention.[9] A method of service authorized under Rule 4(f)(3) must also comport with constitutional notions of due process, meaning it must be "reasonably calculated to provide notice and an opportunity to respond."[10]

## ANALYSIS

Purple represents the defendants it seeks to serve under Rule 4(f)(3) are located in China and, in one instance, South Korea.[11] Purple seeks to serve defendants who sold products on Amazon via email.[12] Purple seeks leave to serve defendants who sold products on Alibaba or AliExpress via the contact links on their seller profile pages.[13]

China and South Korea are signatories to the Hague Convention.[14] The Hague Convention does not expressly prohibit service by email, and courts in this district and other

---

[8] *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *8 (D. Utah Oct. 29, 2020) (unpublished).

[9] *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020); *Rio Props., Inc.*, 284 F.3d at 1015 n.4; The Neck Hammock, 2020 U.S. Dist. LEXIS 202808, at *9.

[10] *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12 (quoting *Rio Props.*, 284 F.3d at 1017).

[11] (*See* Mot. for Alternative Service 4, Doc. No. 64; *see also* Corrected Am. Compl. ¶¶ 3–33, Doc. No. 94.)

[12] (*See* Second Suppl. to Mot. for Alternative Service ("Second Suppl. Br.") 3–5, Doc. No. 96.)

[13] (*See id.* at 5–7.)

[14] See Contracting Parties, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited April 28, 2023).

3

jurisdictions have permitted service by email under Rule 4(f)(3).[15] The Hague Convention also does not expressly prohibit service via online contact link. Therefore, the methods of service requested by Purple are not prohibited by international agreement under Rule 4(f)(3).

The next question is whether Purple's proposed methods of service are reasonably calculated to provide notice and an opportunity to respond.

1. *Service via Email (Defendants Selling on Amazon)*

Purple presented evidence that it has valid and current email addresses for the twenty-three foreign defendants who sell products on Amazon.[16] Purple obtained these defendants'

---

[15] *See, e.g., The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572 JSW, 2007 U.S. Dist. LEXIS 31299, at *5–6 (N.D. Cal. April 17, 2007) (unpublished). China has objected to Article 10 of the Hague Convention, which permits service "by postal channels, directly to persons abroad" only if the "State of destination does not object." 20 U.S.T. 361, art. 10(a); Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=393&disp=resdn (last visited April 28, 2023) (translation of China's declaration of opposition to Article 10). Courts are split as to whether a country's objection to Article 10(a) is an objection to service by email, but the majority have concluded it does not equate to an objection to email service. *See The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *10.

[16] These defendants are: Dongguan Bounce Technology Co. Ltd.; Foshan Dirani Design Furniture Co., Ltd.; Global Ocean Trading Co. Ltd.; Guang An Shi Lin Chen Zai Sheng Wuzi Co. Ltd.; Guang Zhou Wen Jie Shang Maoyouxian Gongsi Co., Ltd.; Guangzhoushi Baixiangguo Keji Youxian Gongsi Co. Ltd.; Hangzhou Lydia Sports Goods Co., Ltd.; Hubei Sheng Bingyi Dianzi Keji Youxian Gongsi Co. Ltd.; Kaifeng Shi Long Ting Qu Chen Yi Shangmao Youxian Gongsi Co., Ltd.; Liu Lin Xian Xu Bin Dian Zi Chang Pin Dian; Nanchang Shirong Bao Er Guanggao Youxian Gongsi Co., Ltd.; Ruian Xin Yuan Guoji Mao Yi Youxian Gongsi Co., Ltd.; Shanxi Chao Ma Xun Keji Youxian Gongsi Co., Ltd.; Shenzhen Shi Mai Rui Ke Dianzi Shangwu Co., Ltd.; Shenzhen Shi Yan Huang Chu Hai Keji Youxian Gongsi Co., Ltd.; Shenzhen Shi Yuxiang Meirong Yongju Youxian Gongsi Co., Ltd.; Wuhan Chenkuxuan Technology Co., Ltd.; Xiao Dawei; Xiao Xiao Pi Fa Shang Mao You Xian Ze Ren Gongsi Co.; Yaru Wang; Yiwu Youru Ecommerce Co., Ltd.; Zhejiang Xinhui Import & Export Co., Ltd.; and Zhou Meng Bo. (*See* Ex. 1 to Second Suppl. Br., Decl. of Leslie M. Perkins ("Perkins Decl.") ¶ 3, Doc. No. 96-1.)

4

business email addresses from Amazon in response to a subpoena.[17] Amazon's counsel confirmed on April 7, 2023, that the email addresses disclosed are the most up-to-date email addresses for these defendants.[18] On April 10 and 17, 2023, a Purple employee sent emails to each of these addresses and did not receive any bounce-back email.[19] Therefore, Purple has demonstrated service by email to these defendants is reasonably calculated to provide notice and an opportunity to respond. Purple's motion is granted as to these defendants.

    *2. Service via Seller Contact Link (Defendants Selling on Alibaba and AliExpress)*

Purple presented evidence that the seller contact links are active for four foreign defendants selling products on Alibaba or AliExpress:

- Hebei Zeyong Technology Co., Ltd.;
- Lankao Junchang Electronic Commerce Co., Ltd.
- Shenzhen Baibaikang Technology Co., Ltd.; and
- Shenzhen Leadfar Industry Co. Ltd.

On April 8, 2023, Purple's counsel verified these defendants' seller pages were active, sent a message to each defendant via the Alibaba or AliExpress messaging center, and received a response from each defendant.[20] Therefore, Purple has demonstrated service via these seller contact links is reasonably calculated to provide notice to these defendants and an opportunity to respond. Purple's motion is granted as to these defendants.

---

[17] (*See* Ex. 1 to Second Suppl. Br., Perkins Decl. ¶¶ 3–4, Doc. No. 96-1.)

[18] (*See id.* ¶ 5; Ex. C to Perkins Decl., Email from D. Ahn to L. Perkins (Apr. 7, 2023), Doc. No. 96-2 at 13.)

[19] (*See* Ex. 2 to Second Suppl. Br., Decl. of Tamara Rodriguez ¶¶ 6–29, Doc. No. 96-3.)

[20] (*See* Ex. 1 to Second Suppl. Br., Perkins Decl. ¶¶ 36–38, 40, Doc. No. 96-1.)

Purple acknowledges the following foreign defendants who sell products on Alibaba or AliExpress either no longer have active seller pages or have blocked Purple from contacting them through the seller contact links:

- Chuang Fan Handicraft Co. Ltd.;
- Donguan Jingrui Silicone Technology Co. Ltd.;
- Guangzhou Epsilon Import & Export Co., Ltd.; and
- Shenzhen Tianrun Material Co. Ltd.[21]

Purple also acknowledges it does not have valid or current email addresses for these defendants.[22] Therefore, Purple's motion is denied without prejudice as to these defendants.

## CONCLUSION

Purple's motion for alternative service[23] is granted in part and denied in part, and the court ORDERS as follows:

1. Purple may serve the following defendants via email to the email addresses provided by Amazon: Dongguan Bounce Technology Co. Ltd.; Foshan Dirani Design Furniture Co., Ltd.; Global Ocean Trading Co. Ltd.; Guang An Shi Lin Chen Zai Sheng Wuzi Co. Ltd.; Guang Zhou Wen Jie Shang Maoyouxian Gongsi Co., Ltd.; Guangzhoushi Baixiangguo Keji Youxian Gongsi Co. Ltd.; Hangzhou Lydia Sports Goods Co., Ltd.; Hubei Sheng Bingyi Dianzi Keji Youxian Gongsi Co. Ltd.; Kaifeng Shi Long Ting Qu Chen Yi Shangmao Youxian Gongsi Co., Ltd.; Liu Lin Xian Xu Bin Dian Zi Chang Pin Dian; Nanchang Shirong Bao Er Guanggao Youxian Gongsi Co., Ltd.; Ruian Xin Yuan Guoji Mao Yi Youxian Gongsi Co., Ltd.; Shanxi Chao Ma Xun Keji Youxian Gongsi Co., Ltd.; Shenzhen Shi Mai Rui Ke Dianzi Shangwu Co.,

---

[21] (*Id.* ¶¶ 34–35, 39, 41–42.)

[22] (*Id.* ¶¶ 35, 39, 42.)

[23] (Doc. No. 64.)

Ltd.; Shenzhen Shi Yan Huang Chu Hai Keji Youxian Gongsi Co., Ltd.; Shenzhen Shi Yuxiang Meirong Yongju Youxian Gongsi Co., Ltd.; Wuhan Chenkuxuan Technology Co., Ltd.; Xiao Dawei; Xiao Xiao Pi Fa Shang Mao You Xian Ze Ren Gongsi Co.; Yaru Wang; Yiwu Youru Ecommerce Co., Ltd.; Zhejiang Xinhui Import & Export Co., Ltd.; and Zhou Meng Bo.

    a. Purple must email the summons, the operative complaint, and a copy of this order to each defendant three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received acknowledging receipt of service).

    b. Upon completion of these steps, service shall be deemed complete as to these defendants and Purple shall file proof of service.

2. Purple may serve the following defendants via seller contact link on Alibaba or AliExpress: Hebei Zeyong Technology Co., Ltd.; Lankao Junchang Electronic Commerce Co., Ltd.; Shenzhen Baibaikang Technology Co., Ltd.; and Shenzhen Leadfar Industry Co. Ltd.

    a. Purple must provide the summons, the operative complaint, and a copy of this order to each defendant.

    b. Upon completion of these steps, service shall be deemed complete as to these defendants and Purple shall file proof of service.

3. Purple's motion is denied without prejudice as to Chuang Fan Handicraft Co. Ltd.; Donguan Jingrui Silicone Technology Co. Ltd.; Guangzhou Epsilon Import & Export Co., Ltd.; and Shenzhen Tianrun Material Co. Ltd.

4. Purple's motion is denied as moot as to the ten dismissed defendants.

DATED this 28th day of April, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge